**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TODD RUDDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 07219 |
| | ) | |
| WILMOT MOUNTAIN, INC., a Wisconsin corporation, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Todd Ruddy, brought this lawsuit against the defendant, Wilmot Mountain, Inc. ("Wilmot"), for a personal injury that Ruddy received after falling from a chairlift at defendant's ski resort in Wisconsin. Wilmot filed the motion to dismiss now before the Court, challenging personal jurisdiction and claiming improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Alternatively, Wilmot is seeking to transfer venue to the United States District Court, Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391 and 1404.

**Legal Standard**

Rule 12(b)(2) states that an action against a party over whom the court lacks jurisdiction must be dismissed. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. See, e.g., Cent. States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co., 440 F.3d 870, 875 (7th Cir. 2006). The court may look to affidavits and exhibits submitted by the parties to assess the existence of jurisdiction,

resolving conflicts in the supporting material in favor of the plaintiff. <u>Purdue Research Foundation v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 782 (7th Cir. 2003). When determining whether the plaintiff has met the burden of establishing jurisdiction, allegations in the complaint are taken as true unless controverted by the defendant's affidavits or exhibits. <u>Id.</u>

Rule 12(b)(3) provides that a party may move to dismiss an action filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

**Personal Jurisdiction**

In diversity actions, a federal court has personal jurisdiction over a non-resident defendant only if a court of the state in which the federal court sits would have personal jurisdiction. <u>Dehmlow v. Austin Fireworks</u>, 963 F.2d 941, 945 (7th Cir. 1992). To determine whether an Illinois court would have personal jurisdiction over the defendant involves examining three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." <u>RAR, Inc. v. Turner Diesel Ltd.</u>, 107 F.3d 1272, 1276 (7th Cir. 1997).

Under Illinois law, a court may exercise personal jurisdiction over a non-resident through the state's long-arm statute. 735 ILCS 5/2-209. The statute provides for jurisdiction over claims

arising out of the enumerated actions, including transacting business in Illinois. See 735 ILCS 5/2-209(a)(1). Personal jurisdiction is also proper against any corporation doing business in Illinois. 735 ILCS 5/2-209(b). The statute contains a catch-all provision authorizing courts to exercise jurisdiction on any basis permitted by the Illinois or federal Constitutions. 735 ILCS 5/2-209(c). Since the Illinois long-arm statute allows personal jurisdiction to the fullest constitutional limit, the three inquiries outlined above "collapse into two constitutional inquiries – one state and one federal." RAR, 107 F.3d at 1276.

The Illinois Supreme Court has stated that "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill.2d 244, 565 N.E.2d 1302, 1316, 152 Ill. Dec. 384 (1990). Although the Illinois Supreme Court in Rollins v. Ellwood cautioned that the state and federal standards for due process might not be identical, the Seventh Circuit has opined that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 715 (7th Cir. 2003). Thus, only a single assessment of due process is required.

The *Due Process Clause of the Fourteenth Amendment* to the federal constitution permits a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L.Ed. 95, 66 S.Ct. 154 (1954)(quoting Milliken v. Meyer, 311 U.S. 457, 463, 85 L.Ed. 278, 61 S. Ct. 339 (1940)). There are two types of personal jurisdiction: specific

3

and general. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific jurisdiction is limited to situations where the controversy arises out of or relates to the defendant's forum contacts. Id. Here, specific jurisdiction is inapplicable because the injury and claim of negligence arise from plaintiff's presence at the ski resort and not from any advertising that defendant may have done in Illinois. Thus, this Court will focus on whether it may exercise general personal jurisdiction over Wilmot. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum state. Id. at 416. If the requisite level of forum contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." Hyatt, 302 F.3d at 713.

The complaint alleges that Wilmot is a Wisconsin corporation with its principal place of business in Twin Lakes, Wisconsin. Plaintiff alleges that venue is proper in the Northern District of Illinois because Wilmot is doing business in Illinois. Defendant denies that it is doing business in Illinois and asserts that no personal jurisdiction lies in Illinois because its only offices are in Wisconsin, its registered agent is in Wisconsin, and all of its business is in Wisconsin.

The Illinois courts have held that general jurisdiction based on "doing business" in Illinois is a high standard and generally means "conducting business in Illinois of such character and extent that it may be inferred that the defendant has subjected itself to the jurisdiction and laws of this state and is bound to appear when properly served." Reimer v. KSL Recreation Corp., 348 Ill. App. 3d 26, 35, 807 N.E.2d 1004, 1011, 283 Ill. Dec. 163 (2004).

In opposition to the motion, plaintiff submitted exhibits including printouts from the Wilmot Mountain website and defendant's answers to interrogatories and requests to admit.

4

(Dkt. 17-1 - 17-5, Ex. 1-5.) The exhibits show that defendant admits that it had Illinois telephone numbers that people could call to hear a prerecorded message providing snow conditions, but that such telephone numbers have been cancelled since before the 2010 season. Defendant admits that it advertises in Illinois on Chicago Transit Authority buses, one billboard located in Lake Forest, Illinois, and has run fifteen advertisements on the radio. Defendant also admits that it sends representatives to a couple of trade shows in Illinois and has brochures at ski shops that have requested them from Wilmot. Defendant denies that it ever targeted Illinois residents through direct mail or email. Any mailings that were sent to Illinois residents were individuals who had contacted Wilmot requested such mailings.

Plaintiff emphasizes Wilmot's website as indicative that Wilmot is doing business in Illinois. The type of Internet activity that can establish minimum contacts is "an emerging area of jurisprudence." Linehan v. Golden Nugget, 2008 U.S.Dist. LEXIS 83619, *14 (N.D.Ill. 2008, J. Dow)(quoting Howard v. Missouri Bone and Joint Center, Inc., 373 Ill. App. 3d 738, 743, 869 N.E.2d 207, 311 Ill. Dec. 533 (5th Dist. 2007). Referring to Supreme Court precedent, the Seventh Circuit stressed, "although technological advances may alter the analysis of personal jurisdiction, those advances may not eviscerate the constitutional limits on a state's power to exercise jurisdiction over nonresident defendants." Jennings v. AC Hydraulic A/S, 383 F.3d 546, 550 (7th Cir. 2004). More recently, the Seventh Circuit opined that "'Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is interactive.'" be2 LLC and be2 Holding, AG v. Ivanov, 2011 U.S. App. LEXIS 8510, *9-10 (7th Cir. 2011)(quoting Illinois v. Hemi Group,

LLC, 622 F.3d 754, 760 (7th Cir. 2010).

Here, Wilmot's website permits anyone, not just Illinois residents, willing to travel to Wisconsin to purchase season passes, lift tickets, gift certificates and sign up for rentals. The only portion of the website that is directed towards Illinois residents is a page that provides links to Google Maps directions to Wilmot from four Illinois cities. The directions page also provides links to directions from various cities in Wisconsin. Providing directions to the ski resort from Illinois is simply a component of advertising. Indeed, virtually all of defendant's contacts with Illinois involve the solicitation of business. Illinois courts consistently reject mere solicitation of business as a basis for the exercise of general personal jurisdiction. See, e.g., Cook Associates, Inc. v. Lexington United Corp., 87 Ill. 2d 190, 201 (1981); Radosta v. Devil's Head Ski Lodge, 172 Ill. App.3d 289, 526 N.E.2d 561, 122 Ill. Dec. 302 (1st Dist. 1988); see also uBid v. GoDaddy Group, 623 F.3d 421, 427 (7th Cir. 2010)(the court found specific jurisdiction for cyber-squatting, but rejected general personal jurisdiction despite the defendant's "extensive and deliberate" marketing and sale of registrations for Internet domain names, as well as contracts with many Illinois customers and the hosting of websites accessible from Illinois.)

The case at bar is nearly identical to Roiser v. Cascade Mountain, 367 Ill App. 3d 559, 855 N.E.2d 243, 305 Ill. Dec. 352 (1st Dist. 2006). In that case, the parents of a minor sued a Wisconsin ski resort for injuries that their son allegedly suffered while snowboarding. Id. at 560. There, the plaintiffs argued that Illinois had personal jurisdiction over the ski resort under the catch-all provision of the Illinois long-arm statute based on the facility's local telephone number, local marketing, interactive website, and a business loan obtained from an Illinois bank. Id. The appellate court held that all that defendants had done in Illinois was solicit business, incur some

of the expenses associated with maintaining a prerecorded announcement of snow conditions, and borrow money. Id. at 564. The Illinois Appellate Court reversed the trial court, holding that the defendant did not have the minimum contacts necessary for an Illinois court to exercise general personal jurisdiction over the defendant ski resort. Id. at 568.

This Court finds that plaintiff has failed to meet its burden of showing defendant has the requisite minimum contacts with Illinois for this Court to exercise general personal jurisdiction over Wilmot. The material before the Court indicates that Wilmot solicited business from Illinois residents, but there is nothing to support a conclusion that Wilmot is "doing business in Illinois."

**Venue**

Even if plaintiff had established that personal jurisdiction existed over defendants, venue is improper and plaintiff's claim could be dismissed under Rule 12(b)(3). Fed. R. Civ. P. 12(b)(3). Plaintiff's complaint does not contain allegations establishing proper venue in the Northern District of Illinois under the three avenues articulated in 28 U.S.C. §1391. Defendant Wilmot is a Wisconsin corporation and is not a resident of Illinois. See 28 U.S.C. §1391(a)(1). Wilmot Mountain, the property on which plaintiff allegedly fell from a chairlift suffering injury, is located in Twin Lakes, Wisconsin. See 28 U.S.C. §1391(a)(2). Lastly, defendant is not subject to personal jurisdiction in Illinois, but would be subject to personal jurisdiction in a Wisconsin district. See 28 U.S.C. §1391(a)(3). Therefore, venue is improper in the Northern District of Illinois. Pursuant to 28 U.S.C. §1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Accordingly, this Court transfers this matter to the Eastern District of Wisconsin.

**Conclusion**

This Court finds no basis for exercising personal jurisdiction over defendant Wilmot. Therefore, Defendant's Motion to Dismiss or Transfer [10] is granted. This matter is transferred to the Eastern District of Wisconsin.

IT IS SO ORDERED.

Date: August 12, 2011

Entered: _____
Sharon Johnson Coleman