# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7219 | **DATE** | 2/9/2012 |
| **CASE TITLE** | Todd Ruddy vs. Wilmot Mountain, Inc. | | |

**DOCKET ENTRY TEXT**

Ruddy's motion to reconsider [24] [25] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Todd Ruddy, filed a complaint in the Northern District of Illinois against defendant Wilmot Mountain Inc. ("Wilmot") for negligence under Wisconsin state law for personal injuries sustained when Ruddy fell from a chair lift owned and operated by Wilmot. This Court granted Wilmot's motion to dismiss for lack of personal jurisdiction and transferred the case to the Eastern District of Wisconsin in Milwaukee on August 12, 2011. Ruddy now seeks reconsideration of that Order pursuant to Rule 60(b) and the newly discovered evidence that Wilmot has filed a complaint in this district seeking monetary damages and injunctive relief for a disputed strip of land on the Illinois/Wisconsin boundary. For the reasons stated herein the Court denies Ruddy's motion.

Federal Rule of Civil Procedure 60(b) allows for reconsideration of final judgments, orders, and proceedings. Fed. R. Civ. P. 60(b). However, an order transferring a case to another district under 28 U.S.C. §1404(a) is an interlocutory order. *See Jones v. Infocure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002). As the advisory comments to the rule make clear, interlocutory orders are not "brought within the restrictions of the

**STATEMENT**

rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." A motion for reconsideration brought under the court's equitable powers serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *See Caisse Nationale de Credit Agricole* v. *CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). The problems warranting a grant of such a motion are rare. *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

First, we address the matter of transfer. This Court Ordered transfer to the Eastern District of Wisconsin rather than dismissal of the case because jurisdiction over both subject matter and personal jurisdiction over Wilmot clearly lie in Wisconsin. Moreover, venue was also proper since the injury occurred in Wisconsin. This Court's ability to review its prior order is restricted by the jurisdictional limitations imposed by inter-district transfer. Generally, the transferor district loses all jurisdiction over a case when it is transferred to another district court. *Jones*, 310 F.3d at 533. However, in *Robbins v. Pocket Beverage Co., Inc.*, the Seventh Circuit held that the transferor court could reconsider a transfer order under certain circumstances: (1) if the original transfer was not intended to be effective immediately; (2) the transferee court had not attempted to assert jurisdiction; (3) neither party attempted to persuade the transferee court to exercise jurisdiction; and (4) the record had not been forwarded. 779 F.2d 351, 356 (7th Cir. 1985). With the advent of electronic docketing, transfer of a case no longer requires the physical moving of the court file from one place to another, therefore at least one court has found that the fourth factor (*i.e.*, forwarding of the record) is no longer relevant. *See Chamberlain v. U.S. Bancorp Cash Balance Retirement Plan*, No. 04-cv-0841-DRH, 2005 WL 2757921, *2 (S.D. Ill. Oct. 25, 2011).

Here, the case was transferred on August 26, 2011, and the transfer acknowledged on August 29, 2011. Nothing in this Court's Order granting a transfer suggests that it was not meant to be immediate. Indeed, if this Court had intended the order to not be effective until some later date, this Court would have included such language in the Order. Although as Ruddy asserts the Wisconsin district court has stayed the matter pending resolution of this motion, the case was docketed, numbered, and assigned to a judge in the Wisconsin District Court. The mere fact that the Wisconsin district court had not made any substantive rulings in the case in the two months between receiving the transfer and the filing of the instant motion does not suggest that the Wisconsin district court would not assert jurisdiction over this case. As outlined in this Court's Order of August 12, 2012, jurisdiction and venue clearly are proper in Wisconsin. Accordingly, this Court declines to reconsider its order transferring the case to the Eastern District of Wisconsin.

Even assuming *arguendo* that this Court would entertain the motion, the new evidence presented by

**STATEMENT**

Ruddy fails to establish personal jurisdiction over Wilmot. A review of the Wilmot's complaint filed in this district, which Ruddy argues establishes personal jurisdiction reveals only that Wilmot is claiming use of disputed land on the Illinois/Wisconsin boundary, not that the disputed land is definitively in Illinois or that Wilmot is seeking to have it declared as such. Therefore, Ruddy's motion to reconsider [24] [25] is denied.